UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
AUG 3 1 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-400-GWU

GLEN J. SMALLWOOD,                                                PLAINTIFF,

VS.                  **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Smallwood

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

2

Smallwood

appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely

Smallwood

using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Smallwood suffered from depression, anxiety and degenerative back disorders which were "severe." (Tr. 21). While he was restricted to a limited range of light level work and was unable to perform past work, he was capable of performing significant numbers of alternative jobs as identified by a vocational expert (VE). (Tr. 26). Thus, benefits were denied. (Tr. 27).

The VE had been asked to consider factors including (1) a residual functional capacity for no more than light level work, (2) a need to avoid climbing of ladders, ropes, and scaffolds, (3) a need to avoid more than occasional climbing of stairs and ramps, stooping, kneeling, squatting, bending from the waist to the floor, crouching or crawling, (4) a need to sit and stand at will, (5) a need to avoid work

4

around vibrations, at unprotected heights, and around dangerous machinery, and (6) a number of "limited but satisfactory" mental factors, including the ability to deal with work stresses. (Tr. 53-54). The VE gave a number of examples of specific, compatible jobs. (Tr. 54). The question, then, is whether these factors adequately depicted the plaintiff's mental and physical condition.

When he filed for benefits in December, 2001, the plaintiff indicated that his disability related to back pain and that he had sought medical attention for the condition, albeit primarily in 1995 or 1996. (Tr. 91, 93-96). Lower back problems were again emphasized in forms he filled out shortly thereafter (Tr. 103, 108), although he began to reference the fact that he also was depressed and anxious (Tr. 121, 144) and had problems with his vision (Tr. 151). Smallwood testified at the 2003 administrative hearing that he suffered from back pain which radiated to his lower extremities (Tr. 46) and had had several back injuries in the past (Tr. 43). He also had shoulder pain. (Tr. 49). He testified that he had no money to go to a doctor regularly. (Tr. 44). However, he also admitted that he could lift 10 pounds with each hand, and 20 pounds with both hands. (Tr. 49).

The sparse treatment records do not show an opinion from a treating source that the plaintiff had specific physical limitations. A 1995 MRI and spinal x-rays apparently provided evidence of degenerative changes in the lumbar spine and pressure to the thecal sac from a spur at L5 (Tr. 208) as well as an old compression

5

Smallwood

of T-12 (Tr. 209), but this was more than six years before the alleged onset date and no specific functional restrictions were mentioned, even then (Tr. 216-217). 1995 and 1999 reports also concerned treatment for transient infections. (Tr. 210-215). Records from 1997 indicate treatment for sinus headaches, but no long-term limitations are suggested. Records from December, 2001 concern several treatments for a back injury and sinus headaches, but again no specific statement about long-term restrictions. (Tr. 156-159). Given the consultative examiner's notation of inconsistent results from his physical examination of the plaintiff in 2002 and reluctance to assign limitations (Tr. 163) and at least one medical reviewer's opinion that the plaintiff could perform essentially a full range of medium level work (Tr. 165-168), the ALJ gratuitously dealt with the plaintiff's physical limitations.

There is evidence concerning the plaintiff's mental limitations, but not from treating sources. According to Smallwood's reported statements to the consultative examiner, William Rigby, the plaintiff had never had mental health treatment per se, but had taken Xanax prescribed by the doctor he saw many years previously (Tr. 93, 170). The plaintiff reported to Rigby that he had had a severe alcohol problem for over 30 years and had been in jail more than 50 times, presumably related to these problems, but that he had quit drinking; Rigby diagnosed alcohol abuse "in remission for two years, by claimant report" and noted that there was evidence of moderate, chronic anxiety and depression (Tr. 174); Rigby mentioned several

6

Smallwood

"good" mental abilities along with an undefined "fair" ability to tolerate the stress and pressures of work activity due to his chronic depression and anxiety. (Tr. 175). Given that Rigby did not define the term, it could reasonably seen as consistent with the hypothetical question posed to the VE.

For these, and other reasons cited in the defendant's brief at pp. 3-4, the decision will be affirmed.

This the __3/__ day of August, 2005.

*[signature]*

G. WIX UNTHANK
SENIOR JUDGE